IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00839-P-BP |
| § | |
| KEN PAXTON, § | |
| Attorney General of the State of Texas, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* action, Plaintiff filed a Complaint on August 10, 2020 challenging Governor Greg Abbott's executive order GA-29 requiring face coverings. ECF No. 1. She also filed an incomplete Application to Proceed *in Forma Pauperis*. ECF No 2. The case was automatically referred to the undersigned pursuant to Special Order 3 on August 13, 2020. ECF No. 3. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** Plaintiff leave to proceed *in forma pauperis* and **DISMISS** the case **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In her Application to Proceed *in Forma Pauperis*, Plaintiff requested that the filing fee be reduced to $100.00 "before [she is] even required to file an Application to Proceed *In Forma Pauperis*." ECF No. 2 at 1. She argued that the same reasoning involved in an ongoing appeal in the United States Court of Appeals for the Ninth Circuit (*Young v. Richards*, Case No. 20 35569) requires a reduced filing fee "for pro se litigations who are filing constitutional challenges to state laws in federal courts." ECF No. 2 at 1.

After reviewing Plaintiff's Application, the undersigned noted that Plaintiff had failed to provide an affidavit or other evidence to show that paying the filing fee would cause her a financial hardship as is required by 28 U.S.C. § 1915(a). Instead, Plaintiff argued that the filing fee should be reduced and then waived because of the nature of the claims that she raised in her Complaint. The statute does not exempt *in forma pauperis* constitutional challenges from its requirements or provide for a reduced filing fee based on no proof of financial hardship as Plaintiff requests. Because Plaintiff had not complied with 28 U.S.C. § 1915(a), the undersigned entered an order on August 13, 2020, requiring her to pay the $400 filing fee or file an amended application to proceed *in forma pauperis* that includes a completed affidavit as required by § 1915(a) and as provided in Form AO 239. ECF No. 5 at 2.

The order set a deadline of September 14, 2020 for Plaintiff to comply and specifically warned Plaintiff that if she failed to comply with the order, denial of leave to proceed *in forma pauperis* would be recommended, and this case would be subject to dismissal without prejudice as provided by Federal Rule of Civil Procedure 41(b). *Id.* Plaintiff did not either pay the $400 filing fee or file an amended motion to proceed *in forma pauperis* that included a completed affidavit as ordered. Instead, she filed a motion to remove the undersigned from this case, require Judge Pittman to authorize her to proceed as she requests, and compel the Court to "honor" Federal Rule of Civil Procedure 5.1(b). *See* ECF No. 6 at 11.

Whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at

2

140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Moreover, "[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has failed to comply with the Court's previous order to either pay the $400 filing fee or file an amended application for leave to proceed *in forma pauperis* that contained evidence in support of her application. The Court warned Plaintiff that failure to do so could result in a recommendation of denial of leave to proceed *in forma pauperis* and dismissal of the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders. Although Plaintiff has not obeyed the Court's order, subjecting her Complaint to dismissal with prejudice under Rule 41(b) is not warranted here.

Because Plaintiff has failed to comply with the Court's order, the undersigned **RECOMMENDS** that Judge Pittman **DENY** Plaintiff leave to proceed in this matter *in forma pauperis* and **DISMISS** Plaintiff's case **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** October 8, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE