IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGUETTE NICOLE YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00839-P |
| | § | |
| KEN PAXTON, | § | |
| **Attorney General of State of Texas,** | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 10, 2020, pro se Plaintiff Huguette Nicole Young filed the instant lawsuit against the Attorney General of Texas, Ken Paxton. Compl., ECF No. 1.[1] The same day, Plaintiff filed an incomplete motion for leave to proceed in forma pauperis, as the motion did not include an affidavit or appropriate evidence demonstrating undue financial hardship. *See* ECF No. 2. Pursuant to Special Order 3, the case was referred to United States Magistrate Judge Hal R. Ray, Jr. for pretrial management. Judge Ray eventually ordered Plaintiff to pay the full $400 filing fee or file an amended motion to proceed in forma pauperis that included a completed affidavit. ECF No. 5. Judge Ray's order provided the website whereby Plaintiff could access the form affidavit. *See id.* Finally, Judge Ray cautioned Plaintiff that her failure to pay the filing fee or file a completed motion

---

[1] Plaintiff's Complaint raises a First Amendment challenge to Texas Governor Greg Abbott's executive order GA-29. *See generally* Compl.

to proceed in forma pauperis would result in a recommendation of dismissal of Plaintiff's case without prejudice. *See id.*

Rather than pay the $400 fee or file an appropriate motion, Plaintiff filed a motion to remove Judge Ray from the case (ECF No. 6). On October 8, 2020, Judge Ray issued Findings, Conclusions, and a Recommendation ("FCRs") that Plaintiff's motion to proceed in forma pauperis be denied and the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders. *See* ECF No. 7 at 4. On October 8, 2020, Plaintiff filed another motion to remove Judge Ray (ECF No. 8) and a motion for speedy hearing (ECF No. 9). In the motion to remove Judge Ray, Plaintiff complained primarily of the magistrate referral. She also, in passing, requested reconsideration of her motion to proceed in forma pauperis, but Plaintiff provided no specific objections to the FCRs. *See* ECF No. 8 at 3–4. In the motion for speedy hearing, Plaintiff did not address the FCRs. *See* ECF No. 9. Then on October 22, 2020, Plaintiff filed another motion for reconsideration (ECF No. 12), again generally challenging the denial of her motion to proceed in forma pauperis. While Plaintiff attached documents purportedly in support of her in forma pauperis motion, Plaintiff reaffirmed that she "still refuses to submit a detailed financial statement despite the fact that it would clearly show plaintiff qualifies for IFP status because this is not how 28 U.S.C. § 1915(a)(1) is written nor how Congress intended the law to be read." *Id.* at 3.

Regarding Plaintiff's objection to the referral to the magistrate judge, the Fifth Circuit has held that "[e]ven if the parties do not consent, . . . the district court may designate a [magistrate judge] 'to hear and determine any pretrial matter pending before

the court' . . . ." *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (quoting 28 § 636(b)(1)(A)).  Thus, the objection is overruled.  Likewise, having reviewed Plaintiff's motion to proceed in forma pauperis, as well as the attachments to her motion to reconsider (ECF Nos. 12-1 & 12-2), the Court finds that Plaintiff has failed to demonstrate that paying the $400 filing fee would cause her undue financial hardship.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (noting that an in forma pauperis review "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory").  Thus, any objection to the denial of her motion to proceed in forma pauperis is overruled.  Finally, as Plaintiff's motion to reconsider makes clear, she still refuses to comply with court orders.  *See* ECF No. 12 at 3.  Thus, dismissal is proper under Federal Rule of Civil Procedure 41(b).

The District Judge conducted a de novo review of the proposed FCRs.  Having done so and having overruled Plaintiff's objections, the undersigned believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED**, Plaintiff's case is **DISMISSED without prejudice**, and any relief requested by Plaintiff in ECF Nos. 8, 9, and 12 is hereby **DENIED as moot.**

SO ORDERED on this **5th day** of **November, 2020.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE